**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 12-2366**

———————

ADRIAN MULDROW,

              Plaintiff – Appellant,

     v.

SCHMIDT BAKING COMPANY, INC.,

              Defendant – Appellee,

     and

TWO FARMS, INC., d/b/a Royal Farms Store,

              Defendant.

———————

Appeal from the United States District Court for the District of
Maryland, at Baltimore.   William D. Quarles, Jr., District
Judge.  (1:11-cv-00519-WDQ)

———————

Argued:  September 17, 2013      Decided:  October 18, 2013

———————

Before MOTZ and DIAZ, Circuit Judges, and John A. GIBNEY, Jr.,
United States District Judge for the Eastern District of
Virginia, sitting by designation.

———————

Affirmed by unpublished per curiam opinion.

———————

**ARGUED:** Jon Wyndal Gordon, LAW OFFICE OF J. WYNDAL GORDON, PA,
Baltimore, Maryland, for Appellant.  Kathleen Pontone, MILES &
STOCKBRIDGE, PC, Baltimore, Maryland, for Appellee.  **ON BRIEF:**

Stephanie K. Baron, Julie S. Siegel, MILES & STOCKBRIDGE, PC, Baltimore, Maryland, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Adrian Muldrow filed suit under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. ("Title VII"), and 42 U.S.C. § 1981, alleging race discrimination, retaliation, and hostile work environment claims. He now appeals from a district court order granting summary judgment to his former employer, Schmidt Baking Company, Inc. The district court held that Muldrow failed to establish a prima facie case of race discrimination, rebut Schmidt's legitimate nondiscriminatory reasons for terminating him, or establish a prima facie case of a hostile work environment. We agree and affirm the judgment of the district court.

I.

A.

We recite the relevant facts in the light most favorable to Muldrow. See, e.g., Howard v. Winter, 446 F.3d 559, 562 n.2 (4th Cir. 2006). In March 2006, Schmidt hired Muldrow, an African American, as "general help." J.A. 36-37. Schmidt promoted him to route salesman in February 2007. On May 4, 2010, Schmidt suspended Muldrow pending termination and subsequently fired him.

Between April 2008 and April 2010, Muldrow received two verbal reprimands, two written reprimands, two letters of

concern, and counseling. In addition, Schmidt suspended Muldrow in November 2009 for poor performance: among other shortcomings, he had allegedly falsified company documents.

In the week preceding Muldrow's May 4, 2010 suspension, Schmidt Project Sales Manager Andrew Zinkand twice emailed Jodi Sprenkle, Schmidt North East Depot Branch Manager, regarding Muldrow's conduct. On April 29, 2010, Zinkand notified Sprenkle that Muldrow had delivered products to Royal Farms Store No. 15 before 6:00 a.m. in violation of store policy. Sprenkle responded that she was "replacing him anyway." J.A. 453. On May 3, 2010, Zinkand emailed Sprenkle again after Muldrow was caught allegedly falsifying a company document by signing his own delivery ticket at Royal Farms Store No. 29--a ground for immediate termination according to company policy.

On the morning of May 4, 2010, Muldrow entered Royal Farms Store No. 15 for a delivery. According to Muldrow, Selina Windsor, the store's deli manager, "exploded" at him in a "loud and embarrassing tone." J.A. 419C. She allegedly said, "'Who the fuck does this Nigger think he's talking to, I'm not checking-in this Nigger.'" Id. (emphasis omitted). Shortly thereafter, Muldrow reported the incident to Schmidt and Royal Farms.

A few hours later, Zinkand conducted an investigation at Royal Farms Store No. 15. At the time, no one corroborated what

4

Muldrow had reported to Schmidt. Zinkand also visited Royal Farms Store No. 29, where Muldrow had allegedly falsified his delivery ticket the previous day, as part of his investigation of Muldrow's claims and performance.

Muldrow met with Sprenkle that afternoon. According to Muldrow, Sprenkle said that Muldrow had started a "forest fire" by reporting the incident to Royal Farms. J.A. 238. Muldrow also heard Sprenkle ask Sharon Crispens, Schmidt's Director of Human Resources, why Muldrow was being suspended.[1] Crispens allegedly responded, "find something." Id. Sprenkle then told Muldrow that Schmidt was suspending him pending termination.

Muldrow filed a grievance of his suspension, and Schmidt held a hearing on May 17, 2010. Schmidt terminated Muldrow the same day.

B.

Following his suspension, Muldrow filed a complaint against Schmidt and Royal Farms with the Equal Employment Opportunity Commission ("EEOC").[2] On February 25, 2011, Muldrow sued both companies for violations of Title VII and related claims.

---

[1] Muldrow also described the question posed by Sprenkle as "what am I to do with this?" J.A. 93. The district court quotes this version of the question in its opinion. See J.A. 519.

[2] Although Muldrow stated in his complaint that he received a right to sue letter from the EEOC, the letter is not part of the record on appeal. Nor did the parties provide details of the EEOC investigation to the district court. See J.A. 521.

5

Muldrow and Schmidt stipulated to the dismissal with prejudice of Muldrow's claims against Royal Farms on February 17, 2012. Muldrow and Schmidt then moved for summary judgment.

The district court granted summary judgment to Schmidt. With respect to Muldrow's race discrimination claim, the court found that Muldrow did not offer direct evidence of discrimination. Muldrow also failed to establish a prima facie case of discrimination because he did not show that he was meeting Schmidt's legitimate expectations at the time of his termination. As to Muldrow's retaliation claim, the court concluded that Muldrow had established a prima facie case but failed to rebut Schmidt's legitimate, nondiscriminatory reasons for terminating him. Finally, the district court determined that Muldrow did not establish a prima facie case with respect to his hostile work environment claim because he did not show that Windsor's conduct was imputable to Schmidt. This appeal followed.

## II.

We review de novo a district court's decision to grant summary judgment, "viewing the facts and reasonable inferences therefrom in the light most favorable to [Muldrow]." Bonds v. Leavitt, 629 F.3d 369, 380 (4th Cir. 2011). Summary judgment is appropriate when "there is no genuine dispute as to any material

6

fact and the movant is entitled to judgment as a matter of law."
Fed. R. Civ. P. 56(a).

After having the benefit of oral argument and carefully reviewing the briefs, record, and legal authorities, we conclude that the district court's analysis was substantially correct. See Muldrow v. Schmidt Baking Co., No. WDQ-11-0519, 2012 WL 4838500 (D. Md. Oct. 5, 2012).[3] Muldrow failed to establish a prima facie case of race discrimination or a hostile work environment. With respect to the retaliation claim, Muldrow failed to rebut Schmidt's legitimate, nondiscriminatory reasons for his termination. Even accepting the "forest fire" and "find something" comments as true, Schmidt conducted a good-faith investigation of Muldrow's claims and honestly believed that his claims were not credible. When combined with the legitimate ground for firing Muldrow (i.e., his poor performance), we agree with the district court that summary judgment was also proper on the retaliation claim.

The district court's judgment is therefore

AFFIRMED.

---

[3] Muldrow also challenges the district court's denial of his motion to strike. We find no error in this ruling.

7